UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KELLYANN McKENZIE,

                Plaintiff,                           **MEMORANDUM & ORDER**

     -against-                                 24-CV-6697 (NRM) (LB)

T-MOBILE,

                Defendant.
-------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

Plaintiff Kelly Ann McKenzie ("Plaintiff"), proceeding *pro se*, commenced this civil action on August 30, 2024 in the United States District Court for the Southern District of New York. ECF No. 1. The action was transferred to this Court on September 24, 2024. ECF Nos. 5, 6. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ECF No. 2, is granted for the limited purpose of this Order. For the reasons set forth below, the Complaint is dismissed for lack of jurisdiction. If Plaintiff wishes to continue with this lawsuit in federal court, she is directed to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

Plaintiff previously filed a complaint against Defendant T-Mobile on June 14, 2023. *McKenzie v. T-Mobile*, No. 23-CV-4557-NRM-LB. In that lawsuit, she alleged "consumer fraud," because a T-Mobile employee told her on the telephone that an LG Stylo 6 phone was priced at $180, but when she arrived at the store, she was told that the phone was actually $225 and that the phone with service plan cost $280. No. 23-CV-4557, ECF No. 1, at 7–8. Plaintiff alleged that the representative asked her if she would like a phone that cost less, implying that Plaintiff was poor, which embarrassed

Plaintiff. *Id*. at 8. Plaintiff claimed that she is bipolar and that this experience caused her emotional and psychological trauma. *Id*. at 8–9. She sought $1 million in damages. *Id*. at 5–6. The Court dismissed the case for lack of subject matter jurisdiction because Plaintiff's allegations did not implicate any federal law or right and did not plausibly allege that she could recover more than the $75,000 amount in controversy required to assert diversity jurisdiction under 28 U.S.C. § 1332. No. 23-CV-4557-NRM-LB, 2023 WL 4665803, at *2 (E.D.N.Y. July 20, 2023).

Plaintiff has now filed a nearly identical lawsuit against the same Defendant and containing the same allegation that an employee told her a different price when she went to the store. ECF No. 1, at 5–6. In this second lawsuit, Plaintiff now claims that Defendant offered her a *free* phone, which embarrassed Plaintiff and aggravated her bipolar disorder. *Id*. at 6. She again seeks $1 million in damages. *Id*. She asserts diversity of citizenship and alleges that she is a citizen of Massachusetts and that the Defendant is a citizen of New York.[1] *Id*. at 2–3.

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint is

---

[1] The Court previously shared the results of its own research revealing that Defendant T-Mobile is in fact incorporated in Delaware and has its principal place of business in Kansas or Washington. *See McKenzie v. T-Mobile*, 2023 WL 4665803, at *2 nn. 1–2.

2

insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). At the same time, federal courts give special consideration to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the Court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008). If this liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). *See* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The party claiming diversity jurisdiction "has the burden of proving that it appears to a reasonable probability" that the plaintiff actually could get damages greater than $75,000. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citations and internal quotation marks omitted); *see also*

3

*Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("[W]ith mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount." (internal omissions and additions omitted)).

## DISCUSSION

As before, the Court finds that Plaintiff's complaint does not assert any valid basis for this Court's jurisdiction over her claims, as she has neither presented a federal question nor adequately asserted diversity jurisdiction. Plaintiff's claims are for "consumer fraud" and alleged emotional or psychological injuries caused by being offered a free phone. These allegations do not implicate any federal law or right and therefore cannot serve as the basis for federal question jurisdiction.

Although Plaintiff seeks $1,000,000 in damages, Plaintiff could not plausibly recover that amount, if the only allegation is that she was given contradictory information about the price of a mobile phone that costs less than $300 and was then offered a free phone. *See Ulmer v. StreetTeam Software, LLC*, 22-cv-5662, 2023 WL 2306020 (E.D.N.Y. Feb. 28, 2023) ("[T]o invoke diversity jurisdiction, a plaintiff must allege facts sufficient to plausibly show an amount in controversy of more than $75,000." (citation and quotation marks omitted)). Plaintiff asserts that these acts caused her to suffer emotional distress, but she has not pleaded facts sufficient to warrant relief under applicable law. For example, under New York state law, "intentional infliction of emotional distress has four elements: (1) extreme and

4

outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). In order to state a claim for negligent infliction of emotional distress, a plaintiff must plead a "breach of a duty owed to [the] plaintiff which exposes him or her to an unreasonable risk of bodily injury or death." *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 293 (E.D.N.Y. 2010). *See also Calicchio v. Sachem Central Sch. Dist.*, 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016) ("Extreme and outrageous conduct is also an element of negligent infliction of emotional distress."). Here, Plaintiff has not pled facts sufficient to support a claim under either standard. The offer of a free phone does not constitute "extreme and outrageous conduct," and Plaintiff has not pleaded that the employee who made that offer "inten[ded] to cause" Plaintiff "severe emotional distress." *Bender*, 78 F.3d at 790. Similarly, the T-Mobile employee never subjected Plaintiff to a risk of bodily injury.

"[B]efore determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Chase Manhattan Bank*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quotation marks and alterations). Accordingly, the Court will give Plaintiff a chance to explain how her claim for money damages is worth more than $75,000. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend

5

at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks alterations omitted)).

Should she wish to proceed with this lawsuit, Plaintiff must file an amended complaint that asserts a basis for jurisdiction pursuant to 28 U.S.C. § 1332 by providing the basis for her damages claim. Plaintiff is reminded that an amended complaint completely replaces the original, so Plaintiff must include in the amended complaint all the necessary information to support her claims. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Order.

## **CONCLUSION**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. Civ. P. 12(h)(3). However, Plaintiff is directed to file an amended complaint as described in this Order. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed or fails to assert facts to support the Court's subject matter jurisdiction, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

SO ORDERED.

<u> /s/ NRM </u><br>
NINA R. MORRISON<br>
United States District Judge

Dated:    April 23, 2025
             Brooklyn, New York